Craig A. Hansen (SBN 209622)
    Email: craig@hansenlawfirm.net
Sarah Wager (SBN 209277)
    Email: sarah@hansenlawfirm.net
Bruno Tarabichi (SBN 215129)
    Email: bruno@hansenlawfirm.net
HANSEN LAW FIRM, P.C.
75 E. Santa Clara Street, Suite 1150
San Jose, CA 95113
Telephone:  (408) 715-7980
Facsimile:   (408) 715-7001

Attorneys for Plaintiff
My Choice Software, LLC,
a California limited liability company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| My Choice Software, LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>TaskUs, Inc. a Delaware corporation; Tassilo Heinrich, an Individual; Shopify, Inc.; Shopify Holdings (USA), Inc.; Shopify (USA) Inc.; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 8:22-cv-1710<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATION OF THE CFAA**<br>**(2) VIOLATION OF CDAFA**<br>**(3) NEGLIGENCE**<br>**(4) CONVERSION**<br>**(5) RECEIPT OF STOLEN PROPERTY**<br>**(6) UNJUST ENRICHMENT**<br>**(7) CONSTRUCTIVE TRUST**<br>**(8) ACCOUNTING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff My Choice Software, LLC ("MCS" or "Plaintiff"), by and through its attorneys, brings this case in the Central District of California pursuant to 28 U.S.C. §§ 1331, and 1367, as this action involves claims arising under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 and contains related California state law claims. For its Complaint in this action Plaintiff alleges:

## THE PARTIES

1. MCS is a California limited liability company with its principal place of business in Lake Forest, California.

2. Defendant TaskUs, Inc. ("TaskUs") is a Delaware corporation with its principal place of business at 1650 Independence Drive, Suite 100, New Braunfels, Texas 78132. TaskUs is registered with the California Secretary of State and, on information and belief, had offices in Santa Monica, California.

3. Defendant Tassilo Heinrich is an individual who resides in Orange County, California.

4. Defendant Shopify, Inc. is a Canadian Corporation with offices at 151 O'Connor Street, Ground Floor, Ottowa, Ontario K2P 2L8.

5. Defendant Shopify Holdings (USA), Inc. is a Delaware corporation with its principal place of business in the United States. Shopify Holdings (USA), Inc. acts as a holding company for all of Shopify Inc.'s US-based subsidiaries.

6. Defendant Shopify (USA) Inc. is a Delaware corporation with its principal place of business in Ottowa, Canada. It is a wholly owned subsidiary of Shopify, Inc. The Shopify entities had access to MCS's data and failed to secure it or implement any security measures or even screening procedures to ensure that its agents, support representatives, and other individuals to whom Shopify entrusted the data would ensure secure handling of the data.

7. Upon information and belief, Shopify (USA) Inc. and Shopify Holdings (USA), Inc. are the functional equivalents of Shopify, Inc. because the two entities make no distinction between themselves in the public eye and use the

same logos, trademarks, and websites, making it impossible to know the extent of any of the Shopify entities' involvement in this data breach. Shopify, Inc.; Shopify Holdings (USA), Inc.; and Shopify (USA) Inc are referred to as the "Shopify Defendants."

8. MCS is ignorant of the true names of the other Defendants sued herein as Does 1–50, inclusive, and therefore, sues these Doe Defendants by such fictitious names. The Doe Defendants are likely to include, among others, any additional individuals who directed, authorized, or participated in the unlawful conduct described in this Complaint, including two unknown employees of TaskUs. MCS will amend this Complaint to allege their true names and capacities when ascertained.

9. Each of the Defendants has participated in and is in some manner responsible for the acts described in this Complaint and the damage resulting therefrom.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, and 1367, as this action involves claims arising under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, combined with related and supplemental state law claims.

11. Defendants are subject to personal jurisdiction in this district because Defendant TaskUs and the Shopify Defendants conducts substantial, continuous, and systematic activities in this judicial district, because Defendant Heinrich resides in Orange County, California, and because MCS's causes of action contained herein arise out of or result from Defendants' contacts with this judicial district, including Defendant Heinrich unlawfully accessing MCS's protected computer and data remotely from Orange County, California.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because Defendant Heinrich resides in this judicial district. Venue is

proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS RELEVANT TO ALL CLAIMS

13. Shopify is an e-commerce platform for online stores that offers services to online merchants, including payments, marketing, shipping, and customer engagement tools.

14. MCS uses Shopify as the platform for its online store.

15. Plaintiff is informed and believes that Shopify hired defendant TaskUs to perform customer service work on the Shopify platform.

16. In that capacity, TaskUs employees had access to Shopify's internal network, which hosted MCS's online store.

17. Defendant TaskUs employees accessed and/or allowed other defendants, including but not limited to defendant Heinrich, to access Plaintiff's online store's protected computer and network without Plaintiff's knowledge or authorization.

18. Plaintiff is informed and believes that employees of defendant TaskUs, defendant Heinrich, and other defendants paid and/or received incentives (including payments in the form of cryptocurrency and/or false positive reviews) in exchange for access to Plaintiff's protected computer and network on the Shopify platform.

19. On September 18, 2020 Shopify notified Plaintiff that its online store was compromised through a data breach. The notice specifically stated that the information accessed did not include sensitive customer personal or financial information.

20. Shopify limited the information it was willing to disclose to Plaintiff about the breach. Shopify claimed this was due to an ongoing criminal investigation.

21. Plaintiff eventually obtained a security incident report from Shopify with an event log. The event log indicated on July 16, 2020 an unknown person(s) installed a "private application" on MCS's protected computer and network on the Shopify platform. The application issued a command to export all of MCS's order reports. Three hours later the "private application" was uninstalled and removed from MCS's protected computer and network on the Shopify platform.

22. Plaintiff is informed and believes that Defendants installed the "private application" to steal and use the stolen data for their personal benefit, including by selling MCS's data to others who would use the data in order to commit fraud.

23. Plaintiff is informed and believes that at least one dark web vendor was offering to sell merchant data belonging to MCS. Plaintiff is informed and believes that Defendants sold and/or caused to be sold MCS's stolen information on the dark web.

24. On February 19, 2021 defendant Heinrich was indicted by a federal grand jury in connection with the Shopify data breach for stealing information from Shopify vendors. The indictment describes Heinrich's conduct and the conduct of the non-indicted co-conspirators. While majority of the criminal case is under seal, Heinrich plead guilty on February 25, 2022.

25. Plaintiff is informed and believes that defendant Heinrich's indictment includes and relates to conduct involving the theft, sale and use of MCS's data from its protected computer and network on the Shopify platform.

26. Plaintiff is informed and believes that the unnamed "co-conspirators" described in the indictment were employees of defendant TaskUs.

27. Plaintiff is informed and believes that the co-conspirator TaskUs employees were not indicted by a U.S. grand jury because they reside in foreign countries.

**FIRST CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS EXCEPT THE SHOPIFY ENTITIES**

# VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT
# UNDER 18 U.S.C. § 1030

28. Paragraphs 1-27, above, are realleged and incorporated by reference as if set forth in full.

29. Defendants knowingly and intentionally accessed and allowed others to access Plaintiff's protected computer and through the Shopify platform without authorization with the intent to defraud. This access was unauthorized and/or exceeded any authorized access.

30. Defendants installed a malicious private application on Plaintiff's protected computer.

31. Defendants issued a command through the malicious private application to extract and caused to be extracted protected MCS merchant data.

32. Defendants deleted the malicious private application attempting to conceal its use.

33. As a result of Defendants unauthorized access to MCS's protected computer and extraction of protected data MCS has been damaged. The losses to MCS well exceed $5,000.

34. MCS is also entitled to injunctive relief and any other equitable relief that the Court deems just and proper.

# SECOND CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS EXCEPT THE SHOPIFY ENTITIES
# CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT
# CAL. PENAL CODE § 502

35. Paragraphs 1-34, above, are realleged and incorporated by reference as if set forth in full.

36. Defendants knowingly and without permission provided or assisted in providing a means of accessing and/or accessed or caused to be accessed MCS's computer, computer system, or computer network through the Shopify platform. This access was unauthorized and/or exceeded any authorized access.

37. Defendants knowingly introduced a computer contaminant into a computer, computer system, or computer network by installing, commanding and deleting a malicious private application on MCS's protected computer and network.

38. By installing the malicious application Defendants knowingly and without permission disrupted or caused the disruption of computer services to MCS.

39. Defendants knowingly accessed and without permission altered, damaged, deleted, destroyed, or otherwise used Plaintiff's data, computer, computer system, or computer network in order to devise or execute their scheme or artifice to defraud, deceive, or extort.

40. Defendants knowingly accessed and without permission altered, damaged, deleted, destroyed, or otherwise used Plaintiff's data, computer, computer system, or computer network in order to wrongfully control or obtain money, property, or data belonging to MCS.

41. Defendants knowingly accessed and without permission took, copied, or made use of merchant data from MCS's computer, computer system, and/or computer network.

42. As a result of Defendants unauthorized access to MCS's protected computer and extraction of protected data MCS is entitled to compensatory damages.

43. MCS is also entitled to reasonable attorneys' fees, injunctive relief, and any other equitable relief that the Court deems just and proper.

44. Defendants willfully violated this statute, and Defendants' actions were oppressive, fraudulent and malicious, and therefore Plaintiff is entitled to punitive or exemplary damages under California Penal Code § 502(e)(4).

**THIRD CLAIM FOR RELIEF – ALL DEFENDANTS EXCEPT HEINRICH**
**NEGLIGENCE**

45. Paragraphs 1-44, above, are realleged and incorporated by reference as if set forth in full.

46. Upon Defendants' acceptance and storage of MCS's information in their computer systems and on their networks, Defendants undertook and owed a duty to MCS to, among other things, exercise reasonable care to secure and safeguard that information and to use commercially reasonable methods to do so. Defendants knew MCS's information was private and confidential and should be protected as private and confidential.

47. Defendants breached their duty to MCS to adequately protect and safeguard MCS's information by disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured information. Furthering their dilatory practices, Defendants failed to provide adequate supervision and oversight of the information with which they were entrusted, in spite of the known risk and foreseeable likelihood of compromise and misuse, which permitted malicious TaskUs employees to gather MCS's information and intentionally disclose it to others without consent, resulting in its fraudulent misuse.

48. As a direct and proximate result of Defendants' conduct, MCS has suffered damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS EXCEPT THE SHOPIFY ENTITIES
## CONVERSION

49. Paragraphs 1-47, above, are realleged and incorporated by reference as if set forth in full.

50. MCS had a right to exclusively possess its merchant data stored on its protected computer and network from MCS's online store on the Shopify platform.

51. Defendants intentionally and substantially interfered with MCS's property by stealing, selling and using Plaintiff's data unlawfully taken from its online store on the Shopify platform.

52. As a direct and proximate result of Defendants' conversion, MCS has suffered, and will continue to suffer, severe and irreparable damage including, but not limited to, the ability to use and control the use of its merchant data.

53. Because the conversion was the result of a theft MCS is entitled to treble damages, costs of the suit and attorneys' fees.

54. Because Defendants conversion of MCS's property was done with oppression, fraud or malice, Plaintiff is entitled to an award of punitive damages.

**FIFTH CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS EXCEPT THE SHOPIFY ENTITIES**

**RECEIPT OF STOLEN PROPERTY**

**CAL. PENAL CODE § 496**

55. Paragraphs 1-54, above, are realleged and incorporated by reference as if set forth in full.

56. Defendants stole, bought, received and sold property belonging to MCS.

57. Defendants' theft consisted of acts including but not limited to unlawfully accessing, downloading, selling and using MCS's merchant data without MCS's knowledge or permission.

58. As a result of Defendants' theft and receipt of MCS's stolen property MCS has been harmed.

59. Defendants' illegal theft and receipt of stolen property entitles MCS to an award of treble damages, costs of the suit and attorneys' fees.

**SIXTH CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS EXCEPT THE SHOPIFY ENTITIES**

**UNJUST ENRICHMENT**

60. Paragraphs 1-59, above, are realleged and incorporated by reference as if set forth in full.

61. Defendants received and retained a benefit from stealing, selling and using Plaintiff's merchant data unlawfully taken from its online store on the Shopify platform, which caused Defendants to become unjustly enriched.

62. As a result of Defendants' conduct, MCS is entitled to receive an award in the amount that Defendants have been unjustly enriched, in an amount to be proven at trial.

### SEVENTH CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS EXCEPT THE SHOPIFY ENTITIES
### IMPOSITION OF A CONSTRUCTIVE TRUST

63. Paragraphs 1-62, above, are realleged and incorporated by reference as if set forth in full.

64. By virtue of Defendants' wrongful and conduct, Defendants have illegally received money and profits rightfully belong to MCS.

65. Upon information and belief, Defendants hold the illegally received money, profits, and merchant data in a manner that can be located and traced necessitating that they be held in constructive trust for the benefit of Plaintiff.

### EIGHTH CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS EXCEPT THE SHOPIFY ENTITIES
### ACCOUNTING

66. Paragraphs 1-65, above, are realleged and incorporated by reference as if set forth in full.

67. Defendants stole, sold and used MCS's confidential merchant data in ways that are not currently known to Plaintiff, but believed to include profits associated with stealing the information itself, profits from selling the stolen information and profits from using the stolen information to divert consumers away from MCS's website to competing sites.

68. Because of the complexity of the transactions and in numerous forms a balance is due from Defendants to MCS that can only be ascertained by an accounting.

### PAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgment against Defendants as follows:

1. For a compensatory damages;
2. For treble damages;
3. For an award of punitive damages;
4. For imposition of a constructive trust;
5. For injunctive relief;
6. For restitution;
7. For an accounting;
8. For costs of suit, including reasonable attorneys' fees; and
9. For such other and further relief as the court may deem just and proper.

DATED: September 16, 2022          HANSEN LAW FIRM, P.C.

    /s/ Craig A.Hansen, Esq.
CRAIG ALAN HANSEN
SARAH WAGER
BRUNO TARABICHI
Attorney for Plaintiff
My Choice Software, LLC,
a California limited liability company

## **DEMAND FOR JURY TRIAL**

MCS hereby demands a trial of all claims by jury to the extent authorized by law.

DATED: September 16, 2022         HANSEN LAW FIRM, P.C.

　　　　　　　　　　　　　　　　　　 /s/ Craig .A. Hansen, Esq.
　　　　　　　　　　　　　　　　　 CRAIG ALAN HANSEN
　　　　　　　　　　　　　　　　　 SARAH WAGER
　　　　　　　　　　　　　　　　　 BRUNO TARABICHI
　　　　　　　　　　　　　　　　　 Attorney for Plaintiff
　　　　　　　　　　　　　　　　　 My Choice Software, LLC,
　　　　　　　　　　　　　　　　　 a California limited liability company